UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

T&T SPORTS MARKETING, LTD., )
a Cayman Islands Corporation, )
)
Plaintiff, )
) Civil Action No. H-01-3716
v. )
)
DREAM SPORTS INTERNATIONAL, )
L.L.C., a Texas limited liability company; )
and DREAM SPORTS INTERNATIONAL, )
L.L.P., a Texas limited partnership )

Defendants.

## COMPLAINT

Plaintiff, T&T SPORTS MARKETING, LTD. ("T&T"), files this its Original Complaint against Defendants, DREAM SPORTS INTERNATIONAL, L.L.C., a Texas limited liability company and DREAM SPORTS INTERNATIONAL, L.L.P., a Texas limited partnership (collectively, "DREAM SPORTS").

I.
**JURISDICTION & VENUE**

1. This is an action for damages in excess of $75,000.00 exclusive of interest and costs, between citizens of different states and, therefore, diversity exists pursuant to 28 U.S.C. §1332(a)(1).

2. Venue is proper in this Court as DREAM SPORTS resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in the District and, therefore, venue in this Court is proper pursuant to 28 U.S.C. §1391(a)(1-2), respectively.

## II.
## PARTIES

3. Plaintiff, T&T, is a foreign corporation with its principal place of business being One Capital Place - Grand Cayman, B.W.I.

4. Defendant, DREAM SPORTS INTERNATIONAL, L.L.C is a Texas limited liability company with its principal place of business at 12831 Royal Drive, Stafford, Texas 77477 and may be served with process through its registered agent, John C. Parks, at 12831 Royal Drive, Stafford, Texas 77477.

5. Defendant, DREAM SPORTS INTERNATIONAL, L.L.P. is a Texas limited liability partnership with its principal place of business at 12831 Royal Drive, Stafford, Texas 77477 and may be served with process through its general partner, John C. Parks, at 12831 Royal Drive, Stafford, Texas 77477.

## III.
## FACTS

6. Plaintiff, T&T, is the exclusive holder of the worldwide closed and open broadcasting and other related rights to the South American Qualifying Games for the World Cup of 2002, (the "Event"), which is organized and managed by the Federation Internationale de Football Association.

7. Defendant, DREAM SPORTS, is a company engaged in the business of acquiring, marketing, distributing and exhibiting sports audio visual programming.

8. Plaintiff, T&T, assigned to DREAM SPORTS certain broadcasting and other rights for the games of the Event for, approximately, the entire world outside of South America, Central America, Mexico, Canada, and the Caribbean.

2

9. The assignment was by way of an "Assignment of Broadcasting and Other Rights", (the "Agreement"), dated December 22, 1999.

10. The Agreement was subsequently amended and/or modified on December 23, 1999, February 3, 2000 and April 17, 2001.

11. DREAM SPORTS has breached the Agreement, amendments and/or modifications by failing to make payment when due pursuant to them. As a result, T&T has exercised its rights pursuant to section 8.1 of the Agreement between the parties to terminate the Agreement due to DREAM SPORTS' failure to make payments and for failing to cure after being given written notice by T&T of the default. The right to cure was pursuant to the Agreement. DREAM SPORTS also breached the Agreement by failing to use its best efforts to promote the Event and in particular by failing to develop the direct television market for the showing of the Event. Before the cure period expired an anticipatory repudiation by DREAM SPORTS was made.

12. All conditions precedent to the bringing of this action have occurred or have been waived.

## IV.
## COUNT I - DECLARATORY JUDGMENT

13. Plaintiff realleges and reasserts the allegations in paragraphs 1 through 12 above as though fully set forth herein.

14. T&T brings this cause of action pursuant to 28 U.S.C. §2201(a), the Declaratory Judgment Act.

3

15. The Agreement between the parties and the subsequent amendments and modifications provided that T&T would be paid installments on the amount due for the right to market, distribute and exhibit the event. DREAM SPORTS has failed to make the payments as required. DREAM SPORTS claims that it is not receiving the benefit of the bargain between the parties specifically the exclusive right to market, distribute and/or exhibit the event.

16. T&T is in doubt about T&T's rights under the Agreement, amendments and/or modifications thereto.

17. T&T requests this Court to declare the rights and any other legal relations between T&T and DREAM SPORTS.

WHEREFORE, Plaintiff, T&T respectfully requests the entry of this Court's declaration setting forth the rights and other legal relations between T&T and DREAM SPORTS, and any other relief that this Court deems just.

V.
## COUNT II - BREACH OF CONTRACT

18. Plaintiff realleges and reasserts the allegations contained in paragraphs 1 through 12 above as though fully set forth herein.

19. The parties entered into the Agreement and amendments and/or modifications. To date, T&T has provided approximately 88.88%, of the games of the total of games scheduled and DREAM SPORTS has paid $6,500,000.00, of $15,500,000.00. 16 of 18 rounds of the Event have been played.

20. T&T has been damaged by DREAM SPORTS' failure to make payments as they have come due under the Agreement, amendments and/or modifications thereto.

4

21. T&T has been further damaged by DREAM SPORTS' failure to make all best efforts to market, distribute and exhibit the Event in various media outlets.

22. As a direct and proximate result of DREAM SPORTS' actions, T&T has been damaged.

WHEREFORE, T&T respectfully requests the entry of this Court's final judgment in its favor against DREAM SPORTS for damages in an amount in excess of one million dollars and any other relief that this Court deems just.

## VI.
## COUNT III - CONSTRUCTIVE TRUST

23. Plaintiff realleges and reasserts the allegations contained in paragraphs 1 through 12, and 19, above as though fully set forth herein.

24. A constructive trust is a necessary remedy as DREAM SPORTS would be unjustly enriched if it is not ordered.

25. DREAM SPORTS has collected monies from third parties for the right to exhibit the Event, which are sufficient to meet their obligations to T&T under the Agreement and amendments and/or modifications.

26. DREAM SPORTS has appreciated the benefits from the payment from third parties for the use of the event.

27. DREAM SPORTS has unjustly enriched itself at T&T's expense.

WHEREFORE, T&T requests the entry of this Court's Final Judgment and imposing a constructive trust upon the proceeds received by DREAM SPORTS from third parties for the use of the Event, and any other relief that this Court deems just.

0003

## VII.
## COUNT IV - UNJUST ENRICHMENT

28. Plaintiff realleges and reasserts the allegations contained in paragraphs 1 through 12, and 19, above as though fully set forth herein.

29. DREAM SPORTS has received payment of monies from third parties as a result of the marketing, distributing and exhibiting of the Event. A portion of these monies are properly payable to T&T pursuant to the Agreement, amendments and/or modifications thereto.

30. DREAM SPORTS has benefited from the rights provided by T&T.

31. DREAM SPORTS has appreciated the benefit conferred upon it by T&T.

32. It will be inequitable for DREAM SPORTS to retain the benefit of the monies paid by third parties for the use of the event without payment being made to T&T.

WHEREFORE, T&T respectfully requests the entry of this Court's final judgment in its favor against DREAM SPORTS, and any other relief that this Court deems just.

Respectfully submitted,

GARDERE WYNNE SEWELL L.L.P.

By: _____
Alexander C. Chae
State Bar No. 04056090
Orin H. Lewis
State Bar No. 00791110

ATTORNEYS FOR PLAINTIFF
T&T SPORTS MARKETING, LTD.

OF COUNSEL FOR
T&T SPORTS MARKETING, LTD.:

GARDERE WYNNE SEWELL L.L.P.
1000 Louisiana Street, Suite 3400
Houston, Texas 77002-5007
(713) 276-5500 (telephone)
(713) 276-5555 (facsimile)

ALLEN & GALEGO
Courvoisier Centre II
601 Brickell Key Drive, Suite 805
Miami, Florida 33131
(305) 372-3300 (telephone)
(305) 379-7018 (facsimile)

HOUSTON 582086v1

0001